# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. FRANK, Petitioner, v. ERIC ARNALD, Respondent. | Case No. 18-cv-03967-EMC<br><br>**ORDER TO LIFT STAY, REOPEN ACTION, AND TO SHOW CAUSE**<br><br>Docket Nos. 1, 10, 11, 12 |

## I. INTRODUCTION

Anthony A. Frank, an inmate at the California State Prison - Solano, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is now before the Court for review of the petition pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases and consideration of several miscellaneous motions.

## II. BACKGROUND

The petition and attachments thereto provide the following information: Mr. Frank was convicted in Santa Clara County Superior Court of second degree robbery and shooting at an occupied vehicle, and was found to have personally used a firearm. On April 17, 2015, he was sentenced to 17 years, four months in prison.

Mr. Frank appealed. In 2017, his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He also filed one or more unsuccessful state habeas petitions. He then filed this action.

## III. DISCUSSION

A. The Stay Is Lifted

Shortly after filing this action, Mr. Frank requested a stay of these proceedings so that he

could exhaust state court remedies for one or more claims. On September 21, 2018, the Court issued an order to stay and administratively close the action. Docket No. 9. The order stated that, once Mr. Frank exhausted his unexhausted claims, he needed to "move[] to reopen this action, lift the stay, and proceed with consideration of his petition for writ of habeas corpus." *Id.* at 2.

In the ensuing months, Mr. Frank filed "motions for clarification" asking for the status of his stay request and reporting that his efforts to exhaust state court remedies had concluded. Docket Nos. 10, 11, 12. His motions suggest that he never received the order to stay and administratively close the action. In any event, he is now ready to go forward with his petition.

The Court construes the "motions for clarification" to be motions to reopen the action, lift the stay and proceed with consideration of the petition. So construed, the motions are **GRANTED**. Docket Nos. 10, 11, 12. The stay is now lifted. The clerk will reopen this action that had been closed administratively. Having lifted the stay, the Court must now review the petition as required by 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

B.  Review Of Petition

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Frank's petition presents the following claims: (1) the protective-sweep search of his home, the night-time search, and the use of GPS tracking device in excess of the allowable time period violated his Fourth Amendment rights; (2) defense counsel provided ineffective assistance in failing to adequately argue a motion to suppress evidence obtained as a result of the protective-

2

1 sweep search, the night-time search, and the GPS monitoring of his vehicle; (3) Mr. Frank was questioned without first being *Mirandized* when he was arrested; (4) Mr. Frank's attorney provided ineffective assistance of counsel in failing to argue that there had been a *Miranda* violation; (5) Mr. Frank's right to due process was violated because the denial of the suppression motion filed under California Penal Code § 1538.5 was the result of judicial bias and he had a protected liberty interest in having California Penal Code § 1538.5 followed; (6) Mr. Frank's appellate counsel provided ineffective assistance in failing to *properly* argue that the evidence was insufficient to support the charge of shooting at an occupied vehicle; and (7) cumulative error.

All of the Fourth Amendment claims must be dismissed. The case of *Stone v. Powell*, 428 U.S. 465, 481-82 (1976) bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015); *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). California state procedures provide an opportunity for full litigation of any Fourth Amendment claim. *See Gordon*, 895 F.2d at 613-14 (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). The Fourth Amendment claims based on the protective-sweep search, the night-time search, and the GPS surveillance therefore are dismissed without leave to amend.

Mr. Frank also cannot repackage his Fourth Amendment claims as Fourteenth Amendment due process claims -- as he attempts to do by claiming that his due process rights were violated by the night-time search and the use of the GPS tracking device in excess of the allowable time period, as well as the use of evidence obtained from them -- to obtain federal habeas review of the claim. "Even though due process violations, unlike some Fourth Amendment violations, are cognizable in a habeas proceeding in federal court, petitioner may not cloak his or her Fourth Amendment claim in due process clothing to circumvent *Stone v. Powell*." *Gilmore v. Marks*, 799 F.2d 51, 57 (3rd Cir. 1986) (citations omitted). Because the Fourth Amendment provides the constitutional protection against an unreasonable search or seizure, Mr. Frank cannot rely on the

3

more generalized notion of "substantive due process" to obtain relief for an allegedly improper search or seizure. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims'"). Habeas relief is not available for the allegedly unreasonable searches or for the presentation at trial of the evidence obtained during those searches. These due process claims are dismissed without leave to amend.

Although the Fourth Amendment and due process challenges to the searches and evidence obtained therefrom cannot go forward, Mr. Frank's related ineffective assistance of counsel claim can go forward. Mr. Frank alleges that defense counsel provided ineffective assistance of counsel in failing to adequately argue a motion to suppress evidence obtained as a result of the protective-sweep search, the night-time search, and the GPS monitoring of Mr. Frank's vehicle. Liberally construed, the petition states a cognizable claim for ineffective assistance of trial counsel based on counsel's handling of these Fourth Amendment issues. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (a claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel).

Mr. Frank alleges that, after his arrest, he was questioned without first having been advised of his *Miranda* rights. Liberally construed, the petition states a cognizable claim for a violation of Mr. Frank's *Miranda* rights.

Mr. Frank also urges that trial counsel failed to argue that there had been a *Miranda* violation. Liberally construed, the petition states a cognizable claim for ineffective assistance of counsel based on trial counsel's failure to raise a *Miranda* argument.

Mr. Frank claims that California Penal Code § 1538.5, regarding suppression motions, "creates a liberty interest which is protected by the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution, . . . as a result, the denial constituted judicial bias in violation of the Sixth Amendment [right] to a fair trial." Docket No. 1-1 at 8. Giving the *pro se* petition the liberal construction to which it is entitled, the claim does not appear to be patently

4

1      meritless.  Respondent must respond to this claim.

2      Mr. Frank claims that appellate counsel provided ineffective assistance when he failed to
3      *properly* argue that there was insufficient evidence to support the conviction for shooting at an
4      occupied vehicle.  Liberally construed, the petition states a cognizable claim for ineffective
5      assistance of appellate counsel.

6      Finally, Mr. Frank alleges that the cumulative effect of the trial errors entitles him to
7      habeas relief.  Liberally construed, the cumulative error claim is cognizable and warrants a
8      response.

## IV.     CONCLUSION

10     For the foregoing reasons,

11     1.     Petitioner's "motions for clarification" are construed to be motions to reopen the
12     action, lift the stay and proceed with consideration of the petition.  So construed, the motions are
13     **GRANTED**.  Docket Nos. 10, 11, 12.  The stay is **LIFTED**.  The clerk shall **REOPEN** this action
14     that had been administratively closed.

15     2.     The petition states cognizable claims for federal habeas relief and warrants a
16     response.  The Fourth Amendment claims and the due process claims related to the searches are
17     dismissed without leave to amend.

18     3.     The clerk shall serve a copy of this order, the petition and all attachments thereto
19     upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The
20     clerk shall also serve a copy of this order on Petitioner.

21     4.     Respondent must file and serve upon Petitioner, on or before **June 14, 2019,** an
22     answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing
23     cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a
24     copy of all portions of any court proceedings that have been previously transcribed and that are
25     relevant to a determination of the issues presented by the petition.

26     5.     If Petitioner wishes to respond to the answer, he must do so by filing a traverse and
27     serving it on Respondent on or before **July 12, 2019**.

28     6.     Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep

United States District Court
Northern District of California

the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

7. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: April 16, 2019

_____
EDWARD M. CHEN
United States District Judge